## SAMUEL P. FOOT *vs.* NATHAN F. HUNKINS & trustee.

The owner of a wood-lot agreed in writing with A. that A. should cut and sell the wood thereon for one half of the proceeds arising from the sales, after deducting a certain sum, and should keep an account of all receipts for the wood and pay all bills; and the owner of the lot was to furnish a team. A. made a sale of wood in his own name, on credit, without disclosing to the purchaser that he was not the sole owner thereof. The purchaser was summoned as trustee of A. *Held*, that the owner of the lot, as claimant, was entitled to hold the whole of the funds in the purchaser's hands.

TRUSTEE PROCESS. Norris and Plummer, summoned as trustees, disclosed funds in their hands to the amount of three hundred dollars. Charles C. Hunkins appeared as claimant of the funds in the hands of the trustees.

At the trial in the superior court, before *Morton*, J., it appeared that Nathan F. Hunkins and Charles C. Hunkins had entered into a written agreement, the material portions of which were as follows :

" The said N. F. Hunkins, for and in consideration herein-after mentioned, promises and agrees to cut, work, sell and market to the best advantage all the wood and timber now standing on five acres of land situated in Plaistow, it being the same that I, the said C. C. Hunkins, have bought of Henry Noyes, of Atkinson, for one half of the proceeds arising from the sales of the said wood and timber, after deducting three hundred dollars, half the amount paid for the same; and the said N. F. Hunkins is to keep a true and correct account of all receipts for wood and lumber, and is to pay all bills for chopping, manufacturing and converting the same into cash. And the said C. C. Hunkins agrees and promises to furnish a team, to consist of two good horses with harnesses, wagons and sleds for the purpose of marketing the same."

It appeared that the indebtedness disclosed by the trustees was for wood and timber cut from said land, and sold to them by the defendant, without disclosing to them that he was not the sole owner thereof.

Upon this evidence, the judge ruled that one half of the sum in the hands of the trustees was liable to attachment in this suit as the property of the defendant; and a verdict was returned accordingly. The claimant alleged exceptions.

*H. Carter*, for the claimant, cited *Judson* v. *Adams*, 8 Cush. 556, and cases cited; *Blanchard* v. *Coolidge*, 22 Pick. 151; *Allen* v. *Dunn*, 15 Maine, 292; *Loomis* v. *Marshall*, 12 Conn. 69; *Ambler* v. *Bradley*, 6 Verm. 119; *Hawes* v. *Waltham*, 18 Pick. 451.

*D. Saunders, Jr.,* (*S. B. Ives, Jr.,* with him,) for the plaintiff. The defendant, after he had taken possession of the wood and timber and expended money and labor thereon, had an interest therein of which he could not be deprived by any act of the claimant. After selling the same, he had a full title to one half of the proceeds. There is a distinction between receiving one half of the proceeds of sales and one half of the net profits. In this case, if the defendant was not a joint owner of the wood and timber, he was certainly a joint owner of the proceeds of the sale.

FOSTER, J.  C. C. Hunkins, the claimant, owned a wood-lot, and made a contract with N. F. Hunkins, the defendant, by which the latter agreed to cut, work, sell and market to the best advantage all the wood and timber standing upon the lot, for half the proceeds of the sales, after deducting three hundred dollars, half the price paid for the lot.  The defendant agreed to keep an account of all receipts for the wood and timber, and to pay all bills for chopping, manufacturing and converting the same into cash ; and C. C. Hunkins agreed to furnish a team to bring the wood and timber to market.

The defendant, N. F. Hunkins, sold in his own name a portion of the wood and timber cut from this lot under this agreement, to the parties summoned as trustees.  The question is, whether a creditor of N. F. Hunkins can attach by trustee process a part or the whole of the money due from such sales. In the opinion of the court it cannot be done.  The agreement did not transfer the title to the wood while standing or when cut.  It remained the property of the claimant, and when sold an action for the price could have been brought in his name alone, and could not have been brought by the principal defendant.  That which the defendant was to receive was half the proceeds after collection, not before, and after the deduction of three hundred dollars.  It was payable to him by way of compensation, not from the purchaser, but from the owner, if the latter collected the price.  If the defendant himself collected it, he would do so as agent of the owner, and be entitled to retain his share upon settlement.  But the purchase money was not in any part a debt due to the defendant from the buyers of the wood.

Neither party contends that the claimant and defendant were under their agreement copartners in the business of selling and marketing this wood and timber.  But if they were, the same result would follow.  The interest of one partner in a debt due to the firm cannot be attached by trustee process in an action against him alone.  *Hawes* v. *Waltham,* 18 Pick. 451.

The trustees should have been discharged.

*Exceptions sustained.*